UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

**JACKIE PHILLIP SOSEBEE,**

   Movant,

v.

**UNITED STATES OF AMERICA,**

   Respondent.

No. 7:24-cv-0048-P
(No. 7:20-cr-0041-P)

## OPINION AND ORDER

Came on for consideration the motion of Jackie Phillip Sosebee under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The Court, having considered the motion, response, record, and applicable legal authorities, concludes that the motion must be **DENIED**.

## BACKGROUND

On November 12, 2020, Movant was named in a one-count superseding indictment charging him with possession of ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). CR ECF No.[1] 20. This offense occurred while Movant was on supervised release for a previous such offense. CR ECF No. 56, ¶ 44. He was convicted by a jury. CR ECF No. 49. On July 21, 2021, Movant was sentenced to a term of imprisonment of 188 months. CR ECF No. 80. He appealed. CR ECF No. 82. The United States Court of Appeals for the Fifth Circuit affirmed his sentence. *United States v. Sosebee*, 59 F.4th 151 (5th Cir. 2023).

## GROUND OF THE MOTION

Movant asserts one ground in support of his motion, alleging that he received ineffective assistance of appellate counsel because his attorney

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 7:20-cr-0041-P.

failed to raise his *Wooden* "different occasions" claim in a timely manner. ECF No.[2] 1 at 7.

## LEGAL STANDARD

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, a movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.

2

U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## ANALYSIS

While he was on supervised release on his conviction for felon in possession of ammunition, Movant committed another such offense and was again convicted. His sentence was enhanced under the Armed Career Criminal Act ("ACCA") because of his prior convictions for robbery and burglary of a building. CR ECF No. 56, ¶ 21. Movant argued on appeal that his robbery-by-threat conviction did not constitute a violent felony for ACCA purposes. *Sosebee*, 59 F.4th at 154. Months after briefing was complete and more than a week after oral argument, Movant sought to file a supplemental brief to make a new argument based on *Wooden v. United States*, 595 U.S. 360 (2022), that his prior violent felony convictions did not count as separate offenses. *Sosebee*, 59 F.4th at 157 n.36. The Fifth Circuit determined that the argument came too late. *Id.*

Movant now argues that his counsel was ineffective in failing to raise the issue in a timely manner. As the government notes, *Wooden* was decided after Movant filed his appellate brief, ECF No. 5 at 3, so the Fifth Circuit likely would not have considered it had it been raised in

3

his reply. *See United States v. Brown*, 305 F.3d 304, 307 n.4 (5th Cir. 2002); *United States v. Prince*, 868 F.2d 1379, 1386 (5th Cir. 1989). In any event, the issue was likely not raised because it has no merit. The record reflects that Movant's three violent felonies occurred on three different occasions. He first robbed a victim on January 17, 1985. CR ECF No. 56, ¶ 27. Eight days later, on January 25, 1985, he burglarized a building. *Id.* ¶ 28. And, sixteen years later, on September 25, 2001, he burglarized another building. *Id.* ¶ 41. Counsel cannot have provided ineffective assistance in failing to raise a frivolous issue. *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).

## CONCLUSION

For the reasons discussed above, Movant's motion is **DENIED**. In addition, for the same reasons discussed, a certificate of appealability is **DENIED** pursuant to 28 U.S.C. § 2553(c).

**SO ORDERED** on this **19th day** of **July 2024.**

*[signature: Mark T. Pittman]*

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE